FILED IN CHAMBERS
U.S.D.C. Atlanta

OCT 3 1 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHNNY WOODS,

        Plaintiff,

    v.

PHIL MILLER, Sheriff, Douglas
County Jail; NANCY HARRINGTON,
Nurse; and SAURABH D. DESAI,
Doctor, Douglas County Jail,

        Defendants.

CIVIL ACTION

NO. 1:04-CV-1790-RLV

O R D E R

By order dated February 7, 2005, this court dismissed the
plaintiff's complaint pursuant to 28 U.S.C. § 1915A, concluding
that the plaintiff had failed to allege facts supporting a 42
U.S.C. § 1983 claim for deliberate indifference to serious medical
needs; the court further concluded that the plaintiff's claims
against the Sheriff were based on the theory respondent superior
and that, consequently, they failed to state a claim under section
1983. The plaintiff has moved for leave to amend his complaint to
meet the deficiencies pointed out by the court.

The plaintiff acknowledges that his motion is untimely, but he
seeks to have his tardiness excuse on the basis that he only
recently learned of the court's order because he was transferred
numerous times over the past year and that his mail just recently
was forwarded to his present place of confinement. Because the

court finds that the plaintiff tried to act in a timely manner, the court will allow the amendment.

However, the facts alleged in the amended complaint still do not show that the defendants were deliberately indifferent to the plaintiff's serious medical needs.  They show that the plaintiff was dissatisfied with his treatment, but such dissatisfaction does not rise to the constitutional level required by section 1983. Medical treatment violates the Eighth Amendment only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Allegations of inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law is insufficient to state a deliberate indifference claim under section 1983. Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

In his amended complaint, the plaintiff alleges that his medical treatment (or lack thereof) was done in retaliation for his numerous calls for medical assistance.  Even if the complaint could be read to state a claim for some kind of prohibited retaliation, that claim was not made in the plaintiff's complaint and is now barred by the statute of limitations.  The acts complained of occurred prior to June 2003, and the plaintiff's proposed amended complaint was not signed by the plaintiff until October 1, 2005.

2

Even if the court assumes that the proposed amended complaint was mailed (and, therefore, considered filed) on that date, more than two years have passed since the events complained of.  *See* Williams v. City of Atlanta, 794 F.2d 624 (11th Cir. 1986) (Georgia's two year statute of limitations applies to section 1983 claims brought in Georgia).

For the foregoing reasons, the plaintiff's motion for leave to amend his complaint and for reconsideration of the court's prior order dismissing his complaint is GRANTED; nevertheless, the amended complaint is dismissed pursuant to 28 U.S.C. § 1915A.

SO ORDERED, this __31ˢᵀ__ day of October, 2005.

ROBERT L. VINING, JR.
Senior United States District Judge

3